AO 245B  (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
Sheet 1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 21 2011 ★
BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| WILLIAM SHANNON | ) | Case Number: 09 CR 452 |
| | ) | USM Number: 77461-053 |
| | ) | GEORGE M. CHALOS, ESQ |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  one and two of the information.

☐ pleaded nolo contendere to count(s)  
  which was accepted by the court.

☐ was found guilty on count(s)  
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 18 USC 1956(a)(1)(B)(i) | MONEY LAUNDERING CONSPIRACY. | 7/14/2009 | ONE |
| 26 USC 7201 | TAX EVASION. | 7/14/2009 | TWO |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s)        ☐ is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/13/2011  
Date of Imposition of Judgment

/s/(ARR)  
Signature of Judge

ALLYNE R. ROSS, U.S.D.J.  
Name of Judge            Title of Judge

10/13/2011  
Date

DEFENDANT: WILLIAM SHANNON
CASE NUMBER: 09 CR 452

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
THIRTY SIX (36) MONTHS. BOTH COUNTS ARE TO RUN CONCURRENTLY.

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☒ before 2 p.m. on   1/6/2012                   .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: WILLIAM SHANNON
CASE NUMBER: 09 CR 452

Judgment—Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
THREE (3) YEARS.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: WILLIAM SHANNON
CASE NUMBER: 09 CR 452

Judgment—Page 4 of 6

## ADDITIONAL SUPERVISED RELEASE TERMS

1) DEFT SHALL COMPLY WITH THE RESTITUTION ORDER AND FORFEITURE ORDER.

2) DEFT SHALL MAKE FULL DISCLOSURE TO THE PROBATION DEPARTMENT.

DEFENDANT: WILLIAM SHANNON
CASE NUMBER: 09 CR 452

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|---------------|----------|-----------------|
| TOTALS | $ 200.00      | $        | $ 188,719.29    |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
| CONSOLIDATED EDISON COMPANY OF NY |  | $188,719.29 |  |
| 4 IRVING PLACE ROOM 1810S |  |  |  |
| NEW YORK NEW YORK 10003 |  |  |  |
| ATT: S. DEAN KIM, ESQ OR |  |  |  |
| SCOTT A. LEVINSON, ESQ |  |  |  |
| **TOTALS** | $ 0.00 | $ 188,719.29 |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☑ the interest requirement is waived for the  ☐ fine  ☑ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: WILLIAM SHANNON
CASE NUMBER: 09 CR 452

Judgment — Page 6 of 6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☑ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years),* to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

DEFT SHALL PAY THE FULL RESTITUTION IN THE AMOUNT OF $188,719.29, PAYABLE DURING SUPERVISED RELEASE AT A RATE OF 15% NET MONTHLY CASH FLOW. PAYMENTS SHALL BE MADE TO THE CLERK OF THE COURT FOR THE EASTERN DISTRICT OF NEW YORK 225 CADMAN PLAZA EAST, BROOKLYN, NY 11201.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

00452-ARR Document 14 Filed 10/22/09 Page 1 of 4 PageID #: 65

```
R:KN:CSK
#2005R01856/2007V00613
```

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

WILLIAM SHANNON,

           Defendant.

- - - - - - - - - - - - - -X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★    JUL 17 2009    ★

LONG ISLAND OFFICE

<u>ORDER OF FORFEITURE</u>

09 CR 452

(Bianco, J.)
(Levy, M.J.)

       WHEREAS, in the above-captioned criminal action, the United States of America sought the forfeiture of property constituting or derived from any proceeds obtained, directly or indirectly as a result of defendant, WILLIAM SHANNON's violation of Title 18 U.S.C. § 1956; and/or substitute assets, of the pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853(p);

       WHEREAS, on July 14, 2009, the defendant, WILLIAM SHANNON, entered a plea agreement with the United States, and agreed, *inter alia*, to plead guilty to Count One of an Information charging him with a violation of 18 U.S.C. § 1956(h), to wit money laundering conspiracy; and

       WHEREAS, the defendant, WILLIAM SHANNON, as part of his plea agreement with the United States, has agreed to the entry of an Order of Forfeiture against the defendant in the amount of $250,00.00 in U.S. currency (the "Forfeiture Money Judgment"),

Case 1:09-cr-00452-ARR Document 27 Filed 10/21/11 Page 8 of 10 PageID #: 126
2-ARR Document 14 Filed 10/22/09 Page 2 of 4 PageID #: 66

2

which money constitutes or is derived from proceeds that the defendant obtained, directly or indirectly, as a result of the defendant's violation of 18 U.S.C. § 1956(h), and/or constitutes substitute assets, and thus is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982 and 21 U.S.C. § 853(p);

WHEREAS on July 14, 2009 the Court conditionally accepted the defendant's guilty plea; and

WHEREAS, by virtue of the Defendant having pled guilty and waived all his constitutional, legal and equitable defenses and rights to the forfeiture allegations of the Information, the United States is now entitled to possession of the Forfeiture Money Judgment pursuant to 18 U.S.C. § 982 and Fed. R. Crim. P. 32.2.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. Pursuant to 18 U.S.C. § 982, Fed. R. Crim. P. 32.2, the Plea Agreement, and guilty plea, a forfeiture money judgment is hereby entered in favor of the United States in the amount of $250,00.00 in United States Currency, which sum represents proceeds defendant has acquired or obtained, directly or indirectly, as a result of the offense in the information to which the defendant, WILLIAM SHANNON, has pleaded guilty (the "Forfeiture Money Judgment").

2. In partial satisfaction of the Forfeiture Money Judgment, the defendant agrees to forfeit the $88,800.00 in U.S.

Case 1:09-cr-00452-ARR   Document 27   Filed 10/21/11   Page 9 of 10 PageID #: 127
RR   Document 14   Filed 10/22/09   Page 3 of 4 PageID #: 67

3

currency, more or less, seized by law enforcement on March 19, 2007, from 28 Landview Drive, Dix Hill, New York.

3. The defendant is liable to pay the $250,000.00 balance of Forfeiture Money Judgment. The defendant shall remain fully liable to pay the entire Forfeiture Money Judgment to the United States. If he fails to pay the Forfeiture Money Judgment, interest will accrue at the statutory post-judgment rate of interest, as set forth in 18 U.S.C. § 3612(f)(2), and the United States can, among other things, execute on any substitute assets or collect on the Forfeiture Money Judgment pursuant to the Federal Debt Collection Procedure Act.

4. Until the Forfeiture Money Judgment is paid in full, Defendant, WILLIAM SHANNON, shall not, directly or indirectly, engage in any effort to transfer, sell, assign, pledge, hypothecate, encumber or dispose of in any manner, or cause to be transferred, sold, assigned, hypothecated, encumbered, or disposed of in any manner any substitute assets.

5. Pursuant to Fed. R. Crim. P. 32.2(b)(3), at sentencing, this Order of Forfeiture shall be made a part of the defendant's sentence and included in the final Judgment.

6. The Forfeiture Money Judgment shall be paid by bank or certified check made payable to the United States Department of Treasury, which shall take all steps necessary to dispose of it in accordance with applicable laws and regulations.

4

7. The Clerk of Court shall forward three certified copies of this order to the U.S. Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, 7th Floor, Brooklyn, New York 11201, <u>Att</u>: Claire S. Kedeshian, AUSA.

Brooklyn, New York
Dated: July 17, 2009

SO ORDERED:

HONORABLE JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE